**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ARTHUR MARTINEZ,

      Petitioner,

v.                                       No. 24-cv-1258-MIS-JHR

DAVID P. REEB, *et al.*,

      Respondents.

## <u>ORDER DISMISSING UNEXHAUSTED HABEAS PETITION</u>

THIS MATTER is before the Court on Arthur Martinez's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 ("Petition"). ECF No. 1. Martinez challenges his 2024 state convictions based on alleged police misconduct. The Court previously directed him to show cause why the Petition should not be dismissed for failure to exhaust state remedies. Having reviewed Martinez's Response and applicable law, the Court will dismiss the Petition without prejudice.

## BACKGROUND

The following background facts are taken from the Petition and Martinez's state criminal docket, Case Nos. D-905-CR-2023-353 and A-1-CA-41869. The state criminal docket is subject to judicial notice. *See Mitchell v. Dowling*, 672 F. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet").

In 2024, a jury convicted Martinez of possession of a controlled substance; aggravated fleeing of a law enforcement officer; and tampering with evidence. *See* ECF No. 1 at 1-2. The state court sentenced him to a total term of 28.5 years' imprisonment, which includes a 24-year habitual offender enhancement. *See* Judgment in Case No. D-905-CR-2023-353 (adding an 8-year enhancement to each separate felony). Martinez filed a direct appeal with the New Mexico Court

of Appeals.  The New Mexico Court of Appeals reversed, in part, and determined the record was insufficient to support the conviction for tampering with evidence.  *See* Memorandum Opinion and Order in Case No. A-1-CA-41869.  The state trial court entered an Amended Judgment on March 25, 2025, which reduced the sentence to 19 years' imprisonment.  *See* Amended Judgment in Case No. D-905-CR-2023-353.

Martinez did not file any further direct appeal with respect to the Amended Judgment.  *See* Docket Sheet in Case No. D-905-CR-2023-353.  The Amended Judgment therefore became final no later than April 25, 2025, after expiration of the 30-day state appeal period.  *See Locke v. Saffle*, 237 F.3d 1269, 1271-1273 (10th Cir. 2001) (for purposes of § 2254, the conviction becomes final upon the expiration of the direct appeal period); NMRA 12-201 (providing that a notice of appeal must be filed within 30 days after entry of the judgment).

Martinez filed the instant § 2254 proceeding on December 16, 2024.  *See* ECF No. 1.  The Petition alleges police manipulated evidence and gave false testimony at trial.  *Id.* at 5-7.  By a ruling entered April 11, 2025, the Court screened the Petition and determined Martinez failed to exhaust state remedies before filing his federal claims.  *See* ECF No. 5 ("Screening Ruling").  The Court permitted Martinez to show cause, if any, why this proceeding should not be summarily dismissed.  Martinez filed a timely Response.  *See* ECF No. 6.  The Court will consider whether the Response is sufficient to excuse the exhaustion requirement.

## DISCUSSION

Habeas Corpus Rule 4 requires a *sua sponte* review of habeas petitions.  Courts review each claim under Habeas Corpus Rule 4 to determine whether the petitioner's custody violates federal law.  *See* 28 U.S.C. § 2241(c)(3).  Even if there is a potential violation, "a habeas petitioner is

generally required to exhaust state remedies" before obtaining relief "under § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). In New Mexico, this means the petitioner must present all claims to the New Mexico Supreme Court. "The exhaustion requirement can only be excused in the "absence of available State corrective process or because circumstances exist that render such process ineffective to protect the rights of the applicant." *Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007). "*Sua sponte* consideration of exhaustion of state remedies . . . is explicitly permitted" where the failure to exhaust appears on the face of the petition. *United States v. Mitchell*, 518 F.3d 740, 746 n.8 (10th Cir. 2008).

Here, the Petition clearly reflects that Martinez did not present his federal claims to the New Mexico Supreme Court. Martinez admits he filed the Petition while the New Mexico Court of Appeals proceeding was pending. *See* ECF No. 1 at 2. He also checked "no" in response to the question: "Did you seek further review by a higher state court?" *Id.* The Secured Odyssey Public Access (SOPA) system, which tracks New Mexico court filings, confirms the failure to exhaust. *See* https://securecourtcaseaccess.nmcourts.gov/. The SOPA system reflects that Martinez has not filed any appeal with the New Mexico Supreme Court.

The Screening Ruling set forth these principles, including the standard for exhaustion and futility. In his Response, Martinez argues the exhaustion requirement has been satisfied because he pursued "one complete round of … appellate procedure" with the New Mexico Court of Appeals. *See* ECF No. 6 at 1-2. As noted above, the exhaustion requirement is only met if the petitioner

3

presents his claims to "highest state court," *i.e.,* the New Mexico Supreme Court.  *Dever*, 36 F.3d at 1534.  Because Martinez has not filed any appeal with the New Mexico Supreme Court, the exhaustion requirement is not satisfied.

The Response further contends police manipulated their body cameras and violated the oath of office, which constitutes a due process violation.  *See* ECF No. 6 at 2.  These arguments relate to the merits of Martinez's claims and do not address whether exhausting the claims would be futile.  *See United States v. Greer*, 881 F.3d 1241, 1244 (10th Cir. 2018) (A petitioner generally "must show that he can satisfy the procedural requirements of" 28 U.S.C. § 2254 "[b]efore [the Court can] address[ ] the merits of [his] claims").  There is also no discernable reason why exhaustion would be futile in this case.  Martinez can still file a habeas petition in the state trial court and, if relief is denied, a certiorari petition with the New Mexico Supreme Court.  *See State v. Sutphin*, 164 P.3d 72, 76 (N.M. 2007) (discussing state habeas relief and noting "New Mexico does not impose a [state] statute of limitations on habeas petitioners").

For these reasons, the Response fails to demonstrate exhaustion would be futile or otherwise overcome the requirement.  Moreover, the Response does not seek a stay of this proceeding while Martinez returns to state court to exhaust remedies.  The Court will therefore dismiss the Petition without prejudice to refiling after the exhaustion process is complete.  The Court will also deny a certificate of appealability (COA) under Habeas Corpus Rule 11, as the failure to exhaust state remedies is not reasonably debatable.  *See* 28 U.S.C. § 2253(c)(2) (COA may only issue where reasonable jurists would debate the outcome of the habeas case); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (same).

Martinez is reminded that to exhaust remedies, his next step is to file a habeas petition in

Case No. D-905-CR-2023-353.  If the state trial court denies relief, he may file an appeal with the New Mexico Supreme Court, rather than the New Mexico Court of Appeals.  *See* NMRA Rule 12-501 (permitting a direct appeal to the New Mexico Supreme Court based on the denial of a state habeas petition by the trial court).  Martinez should start the process immediately and, if the New Mexico Supreme Court denies relief, re-file his federal petition as soon as possible.  *See* 28 U.S.C. § 2244(d) (noting the federal habeas limitation period generally expires one year after the state criminal judgment becomes final, but the limitation period is stayed while a state habeas proceeding is pending).

**IT IS ORDERED** that Arthur Martinez's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (**ECF No. 1**) is **DISMISSED without prejudice**; a certificate of appealability is **DENIED**; and a separate judgment will be entered.


**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE